UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SENECA NATION OF INDIANS,

                    Plaintiff,

CAYUGA INDIAN NATION,

          Plaintiff-Intervenor,

          -vs-                              **No. 1:10-CV-00687 (MAT)**

DAVID PATERSON, Governor of the
State of New York, JAMIE WOODWORD,         **DECISION AND ORDER**
Acting Commissioner, New York
State Department of Taxation and
Finance, WILLIAM COMISKEY, Deputy
Commissioner, Office of Tax
Enforcement, New York State
Department of Taxation and
Finance, JOHN MELVILLE, Acting
Superintendent, New York State
Police, each in his or her
official capacity,

                    Defendants.

_____

## I.   Introduction

     The Seneca Nation of Indians ("SNI") commenced this action on

August 17, 2010, seeking declaratory and injunctive relief "to

prevent [d]efendants from infringing on the Nation's federally-

protected right of self-government and from plunging the Nation's

well-regulated tobacco economy into chaos." Doc. 1 at ¶ 1. The

Cayuga Indian Nation ("CIN")[1] subsequently moved for and was

granted permission to intervene. After granting a temporary

restraining order, on October 14, 2010 this Court (Arcara, J.)

_____

     [1] The SNI and CIN will be referred to collectively as
"plaintiffs."

denied the plaintiffs' motion for a preliminary injunction. See Seneca Nation of Indians v. Paterson, 2010 WL 4027796 (W.D.N.Y. Oct. 14, 2010). This Court then granted plaintiffs' request for a stay pending an interlocutory appeal. On May 9, 2011, the Second Circuit affirmed this Court's denial of a preliminary injunction, and the stay was subsequently vacated by this Court. See Oneida Nation of New York v. Cuomo, 645 F.3d 154 (2d Cir. 2011); doc. 100 (order vacating stay).[2]

Presently before this Court are defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 and plaintiffs' cross-motion to dismiss the complaint pursuant to Fed. R. Civ. P. 41(a)(2). Docs. 101, 106. For the reasons discussed below, defendants' motion is granted and plaintiffs' motion is denied.

## II. The Pending Motions[3]

Defendants' summary judgment motion argues that plaintiff's complaint should be dismissed in its entirety on the merits. Plaintiffs' motion for voluntary dismissal pursuant to Rule 41(a)(2) requests that the Court dismiss the matter "with prejudice to the Nations' asserted claims that N.Y. Tax Law §§ 471(1), (2), (5), N.Y. Tax Law § 471-e, as amended June 2010, and 20 N.Y.C.R.R. § 74.6 should be declared invalid as written and enjoined prior to

---

[2] This case was originally assigned to Judge Richard Arcara. Judge Arcara transferred the case to this Court by order dated January 19, 2017.

[3] This Court refers to a prior order dated October 14, 2010 (doc. 87 at 2-11; Seneca Nation, 2010 WL 4027796, at *2-6), for a thorough summary of the factual background of this matter.

their implementation and enforcement as violative of the federally protected rights of the Nations, their members, and their licensed business." Doc. 106-1 at 8. However, plaintiffs' motion further requests that dismissal be granted conditionally "without prejudice to any future action brought by the Nations, their members, and/or their licensed businesses claiming that the actual implementation or enforcement of [the above-enumerated tax laws] has resulted in the violation of their federally-protected rights." Id.

## III. Standard of Review

Summary judgment is appropriate where the court determines "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." See Scott v. Harris, 550 U.S. 372, 380 (2007). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party, however, may not rely on "[c]onclusory allegations, conjecture, and speculation," Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998), but must affirmatively "set out specific facts showing a genuine issue for trial." See Fed. R. Civ. P. 56(e). To meet this burden, "a plaintiff must come forward with evidence to allow a reasonable jury to find in his favor" on each of the elements of his prima

facie case. See <u>Lizardo v. Denny's, Inc.</u>, 270 F.3d 94, 101 (2d Cir. 2001). A Court may dismiss an action pursuant to Fed. R. Civ. P. 41(a)(2) at the plaintiff's request, "on terms that the court considers proper."

**IV.   Discussion**

The tax law amendments at issue in this case are set forth in N.Y. Tax Law §§ 471(1), (2), (5), N.Y. Tax Law § 471-e, as amended June 2010, and 20 N.Y.C.R.R. § 74.6 (collectively, "the amendments"). The amendments provide that the cigarette tax imposed under New York State Law shall be applied to all wholesale sales of cigarettes in New York State, and "the ultimate incidence of and liability for the tax shall be upon the consumer." N.Y. Tax Law § 471(2). Under the statutory scheme, the tax does not apply to cigarette sales "to qualified Indians for their own use and consumption on their nations' qualified reservations," but a tax is imposed on all cigarettes sold "on an Indian reservation to non-members of the Indian nation or tribe" and "evidence of such tax shall be by means of an affixed [New York State] cigarette tax stamp." <u>Id.</u> § 471(1). The amendments provide that Indian nations and their members may obtain tax-exempt cigarettes by means of either a "coupon system" or a "prior approval system." The Court refers to its October 14, 2010 order for a thorough review of these alternate systems. See doc. 87 at 8-11; <u>Seneca Nation</u>, 2010 WL 4027796, at *4-6.

In its decision and order dated October 14, 2010, denying plaintiffs' initial request for a preliminary injunction, the Court found that plaintiffs had failed to establish a likelihood of success on the merits with respect to their tribal sovereignty claims. See Seneca Nation, 2010 WL 4027796, at *6-17. Specifically, the Court held that plaintiffs' "right of tribal sovereignty is not unconstitutionally burdened by implementation of the tax law amendments." Id. at *17. For the same reasons as stated in the previous order's lengthy discussion, this Court again finds that the amendments at issue in this case do not unconstitutionally burden plaintiffs' right of tribal sovereignty and therefore denies plaintiffs' request for a declaratory judgment regarding this issue.

Plaintiffs further argue that the amendments violate the interstate commerce clause, U.S. Const., art. I, § 8, cl. 3, and the Internet Tax Freedom Act ("ITFA"), reproduced at 47 U.S.C. § 151 note §§ 1101-09,[4] and request declaratory relief to that effect. As defendants point out, however, this Court previously

_____

[4] As enacted, the ITFA created a moratorium prohibiting individual states from imposing internet access taxes on internet service providers (ISPs), unless the ISP did not offer filtering software to the customer. 47 U.S.C. § 1101(a)(1) (former); see Pub. L. 105-277, Title XI. The SNI claims that the amendments at issue in this case violate the ITFA by "prohibit[ing] Nation-licensed businesses from obtaining non-New York taxed cigarettes for purposes of internet sales to out-of-state residents, which sales are subject to cigarette tax in such persons' state of residence." Doc. 1 at ¶ 69. The CIN does not explicitly state a claim under the ITFA, but claims that the amendments impermissibly "require[s] the prepayment of cigarette tax to which it is not legally entitled." Doc. 30 at ¶ 55.

noted that "an entirely separate provision of the New York Tax Law provides a mechanism for cigarette retailers to obtain a refund for cigarette sales made to out-of-state purchasers." <u>Id.</u> at *12 (citing N.Y. Tax Law § 476). "This refund provision represents a legitimate, nondiscriminatory state law that applies equally to reservation and non-reservation cigarette sellers operating in New York." <u>Id.</u> (citing <u>Mescalero Apache Tribe v. Jones</u>, 411 U.S. 145, 148-49 (1973)). Accordingly, the Court likewise denies plaintiffs' request for a declaratory judgment regarding their Interstate Commerce Clause and ITFA claims. Therefore, defendants' motion is granted and the complaints are dismissed in their entirety, with prejudice.

The Court further notes that plaintiffs' request for dismissal pursuant to Rule 41(a)(2) is essentially conditional since plaintiffs ask that dismissal be granted "without prejudice to the assertion of any post-enforcement claims that [may] arise from the actual implementation and enforcement of the scheme and that would have been speculative or hypothetical prior to enforcement." Doc. 106-1 at 6. Plaintiffs concede, however, that their complaints do *not* relate to any post-enforcement scenario and allege only pre-enforcement claims. The Court cannot extend its holding to include "future" or "hypothetical" claims, as those claims are speculative and unripe. In the interest of clarity, the Court emphasizes that the dismissal ordered herein regarding plaintiffs'

motion pursuant to Rule 41(a)(2) is with prejudice as to all of plaintiff's claims.

## V. Conclusion

Defendants' motion for summary judgment (doc. 101) is granted and plaintiffs' motion to conditionally dismiss  pursuant to Rule 41(a)(2) (doc. 106) is denied. The complaints (docs. 1, 30) are therefore dismissed in their entirety with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    January 23, 2017
          Rochester, New York.